IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM CHESTNUT, ) | |
| ) | |
|       *Petitioner*, ) | |
| ) | |
| v. ) | Case No. CIV-21-155-D |
| ) | |
| RICK WHITTEN, ) | |
| ) | |
|       *Respondent*. ) | |

## **ORDER**

Plaintiff, who appears *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 [Doc. No. 1]. He seeks relief from a state court conviction for lewd molestation of a child under sixteen years of age. [Doc. No. 11-2]. Mr. Chestnut argues the state court lacked jurisdiction based on the United States Supreme Court riling in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). The Respondent filed a motion to dismiss the petition and a brief in support. [Doc. Nos. 10 and 11].

This matter was referred to United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B). On August 23, 2021, Judge Erwin issued his Report and Recommendation [Doc. No. 21]. Judge Erwin recommended the Court dismiss Mr. Chestnut's petition based on: (1) Mr. Chestnut's failure to exhaust his state court remedies, and (2) the existence of ongoing state court proceedings which require the Court's abstention.

Mr. Chestnut filed several motions after the Report and Recommendation. First, he filed a motion seeking release on bail [Doc. No. 22]. It appears that he then refiled that

motion with some additional argument a week later. [Doc. No. 23]. Neither document responds to the Report and Recommendation. Mr. Chestnut then filed an Objection to the Magistrate's Recommendation [Doc. No. 25]. Finally, he filed another motion asserting the same arguments raised in his previous filings. [Doc. No. 26].

In his latest filing, Mr. Chestnut appears to argue he is exempt from the exhaustion requirement because there is an absence of available state corrective process. [Doc. No. 26 at p. 4]. He argues that under *McGirt* Oklahoma state courts lack jurisdiction over his offense and, thus, he cannot exhaust state court remedies. But there is no exception to the exhaustion requirement for jurisdictional claims in § 2254 petitions. *See Blanket v. Watkins*, 44 F. App'x 350, 351 (10th Cir. 2002) (unpublished). This objection is overruled.

Further, Mr. Chestnut currently has multiple applications for post-conviction relief pending in an Oklahoma state court. This Court must abstain while these applications are pending. *Younger v. Harris*, 401 U.S. 37 (1971). Exceptions to the *Younger* abstention doctrine exist for "bad faith or harassment," for prosecution under a statute that is "flagrantly and patently" unconstitutional, or for other "extraordinary circumstances." *Id.* at 50–54 (quotations omitted). Mr. Chestnut objects to the Recommendation by arguing an exception exists here, but he appears to quote an exception to the Federal Anti-Injunction Act, 28 U.S.C. § 2283. [*See* Doc. No. 25 at p. 14]. Therefore, he has not met his "heavy burden" of establishing an exception to the *Younger* abstention doctrine. *See Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (quotations omitted). This objection is overruled.

Mr. Chestnut presents no persuasive argument that would cause this Court to reject Judge Erwin's conclusions. The Court has reviewed the entirety of the Report and Recommendation, as well as the case record, and fully concurs in the Report and Recommendation. Therefore, the Court, having conducted a de novo review,[1] finds that Mr. Chestnut's objection should be overruled, and hereby **ADOPTS** the Report and Recommendation [Doc. No. 21] in its entirety.

**IT IS THEREFORE ORDERED** that Respondent's Motion to Dismiss is **GRANTED** and Mr. Chestnut's petition for writ of habeas corpus [Doc. No. 1] is **DISMISSED** without prejudice to a future filing.

**IT IS FURTHER ORDERED** that the pending motions [Doc. Nos. 22 and 23] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

---

[1] Pursuant to Rule 72, where the district court refers dispositive matters to a magistrate judge for a report and recommendation, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1246 (10th Cir. 2015).

debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA will be denied.

**IT IS SO ORDERED** this 15th day of October, 2021.

TIMOTHY D. DeGIUSTI
Chief United States District Judge